**JOHNSON FORD, Inc. v. ERKINGER.**

No. 75-32514.

Circuit Court, Dade County, Civil Appeal.

April 26, 1976.

Gary S. Brooks of Williams, Salomon, Kanner & Damian, Miami, for the appellant.

Donald S. Frost, Miami, for the appellee.

WILLIAM A. HERIN, Circuit Judge.

This cause came on to be heard on oral argument upon appellant-third party defendant, Johnson Ford, Inc.'s appeal from a judgment entered by the county court in the amount of $1,248.17 plus costs in favor of third-party plaintiff, appellee here, Marlene Erkinger. This court has examined the record and briefs submitted by counsel, reviewed the report of testimony contained in the file and considered the oral argument made by counsel.

The record amply supports the trial court's finding that the automobile sold by Johnson Ford to Marlene Erkinger was defective in some respect. The record amply supports the finding that Marlene Erkinger defaulted on the loan made to her by the Southeast First National Bank of Miami Springs to purchase said automobile.

The record also clearly reflects that in fixing Erkinger's damages against Johnson Ford at $1,248.17, the trial court simply added

the deficiency judgment obtained by the bank against Erkinger to the value of her trade-in car. Under Florida law neither figure is a relevant consideration in fixing the damages obtainable against a car dealer by an aggrieved purchaser, whether or not such grievance is the source of dissatisfaction which led to default on an automobile loan. Therefore, the judgment on damages must be reversed.

This court notes that the record does contain some evidence that the cost of repairing Erkinger's automobile was $100.

Therefore, based on the above, it is ordered that the judgment entered in the trial court on March 13, 1975 be and the same is modified as follows —

1. The final judgment dated March 13. 1975, on behalf of the plaintiff, Southeast First National Bank of Miami Springs against defendant, Marlene Erkinger with interest and costs is affirmed.

2. The judgment on behalf of cross-plaintiff, Marlene Erkinger, vs. cross-defendant, Johnson Ford, Inc. in the sum of $1.248.17 is reversed and a remittitur is ordered in the amount of $1,148.17.

3. Final judgment is and shall be entered in favor of cross-plaintiff, Marlene Erkinger vs. cross-defendant. Johnson Ford, Inc., in the amount of $100, plus court costs of $7.50.

4. The civil supersedeas bond heretofore posted by cross-defendant Johnson Ford, Inc. is discharged and the clerk is instructed to return the sum deposited into the court to Johnson Ford, Inc.